# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED BLUFF FUNDING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH GIL; CARLOS CUAMATZI,<br><br>    Defendants. | CASE NO. 13cv571 - IEG (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**(2) REMANDING THE ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO; and**<br><br>**(3) DENYING AS MOOT MOTION TO REMAND TO STATE COURT [Doc. No. 4]** |

Presently before the Court is the motion of Defendant Elizabeth Gil ("Defendant Gil") for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. [Doc. No. 2, IFP Mot.] For the following reasons, the Court **GRANTS** Defendant Gil's motion for leave to proceed IFP, **REMANDS** the action to the Superior Court of California for the County of San Diego, and **DENIES AS MOOT** Plaintiff Red Bluff Funding, LLC's ("Plaintiff") motion to remand to state court.

## BACKGROUND

On December 5, 2012, Plaintiff commenced an unlawful detainer action in the San Diego Superior Court, seeking possession of real property located at 1821

Calle Las Palmas, Oceanside, California. [Doc. No. 1, Notice of Removal at 5.] On March 12, 2013, Defendant Gil removed this action from the Superior Court of California for the County of San Diego to this Court on the basis of federal question jurisdiction. [Doc. No. 1, Notice of Removal at 6.] Plaintiff Gil also filed a motion for leave to proceed IFP. [Doc. No. 2, IFP Mot.] On March 14, 2013, Defendant filed a motion to remand the instant action for lack of subject matter jurisdiction. [Doc. No. 4, Mot. to Remand.]

## DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing that she is unable to pay filing fees. See 28 U.S.C. § 1915(a). In the present case, having reviewed Defendant's motion and declaration in support of the motion [Doc. No. 2, IFP Mot.], the Court finds that she has made a sufficient showing of inability to pay the required filing fees. See Rodriguez, 169 F.3d at 1177. Accordingly, the Court **GRANTS** Defendant Gil's motion for leave to proceed IFP.

Moreover, any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

prisoners."). Additionally, "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."); Compass Bank v. Goble, 2012 WL 3229155 (S.D. Cal. Aug. 3, 2012) (sua sponte remanding action for lack of subject matter jurisdiction after granting motion for leave to proceed IFP).

Having conducted an initial review of Plaintiff's complaint, the Court finds that it lacks subject matter jurisdiction. An action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction and as such "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). The court must presume that a case lies outside of its limited jurisdiction, and the burden of establishing jurisdiction is on the party asserting it. Id. The removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

In her notice of removal, Defendant Gil asserts federal question jurisdiction as the basis for the Court's subject matter jurisdiction. [Doc. No. 1, Notice of Removal at 2.] Defendant states that "[f]ederal question jurisdiction exists because Defendants' answer, a pleading, depend [sic] on the determination of Defendants' rights and Plaintiff's duties under federal law." [Id. at 2-3.]

"[D]istrict courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "federal question" must be disclosed on the face of the complaint. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th

Cir. 1998). Under the longstanding well-pleaded complaint rule, this means that jurisdiction is proper "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal quotation omitted). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." Id. at 70.

    The sole basis that Defendant Gil asserts for federal question jurisdiction is that Defendants' answer depends on a determination of federal law. [Doc. No. 1, Notice of Removal at 2.] The fact that Defendants' answer may depend on federal law is insufficient to establish subject matter jurisdiction. See Vaden, 556 U.S. at 70. Defendant Gil must show that Plaintiff's complaint is based upon federal law. See id. at 60. However, Plaintiff's complaint asserts only one cause of action—unlawful detainer, which is a state law claim. [Doc. No. 1, Notice of Removal at 5-8.] As the Notice of Removal does not adequately state a basis for federal subject matter jurisdiction, the Court **REMANDS** the action to the Superior Court of California for the County of San Diego where it was originally filed.

## CONCLUSION

For the reasons above, the Court:

1. **GRANTS** Defendant Gil's motion for leave to proceed IFP [Doc. No. 2];
2. **REMANDS** the action to the Superior Court of California for the County of San Diego; and
3. **DENIES AS MOOT** Plaintiff's motion to remand to state court [Doc. No. 4].

**IT IS SO ORDERED.**

**DATED:** April 20, 2013

*[signature]*
**IRMA E. GONZALEZ**
**United States District Judge**